| | |
|---|---|
| **THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-1(b)** <br><br> Jeffrey Bernstein, Esq. <br> **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** <br> 570 Broad Street, Suite 1401 <br> Newark, NJ 07102 <br> Telephone: (973) 565-2183 <br> Facsimile: (973) 622-5314 <br> E-mail: jbernstein@mdmc-law.com <br><br> *Counsel to New Jersey Economic Development Authority* | |
| In re: <br><br> 20230930-DK-BUTTERFLY-1, INC., f/k/a BED BATH & BEYOND INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-13359 (VFP) <br><br> (Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC., f/k/a Bed Bath & Beyond Inc., <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY ECONOMIC DEVELOPMENT AUTHORITY, <br><br> Defendant. | Adv. No. 24-01443-VFP <br><br><br> **DECLARATION OF** <br> **SUSAN GREITZ IN SUPPORT OF** <br> **NJEDA'S MOTION FOR** <br> **JUDGMENT ON THE PLEADINGS** |

**Susan Greitz**, being of full age, hereby declares as follows:

1. I am the Director of Incentives - Relationship Management of Defendant New Jersey Economic Development Authority ("NJEDA"). I submit this Declaration in support of NJEDA's Motion for Judgment on the Pleadings.

1

2. In connection with my job responsibilities at NJEDA, I have been involved with NJEDA's relationship with Bed Bath & Beyond, Inc. ("BB&B") regarding incentive grant agreements between BB&B and NJEDA.

3. On or about December 4, 2006, NJEDA entered into two grant agreements, one with Christmas Trees Shops, Inc. ("CTS") (the "P17285 Grant Agreement") and one with BB&B (the "P17286 Grant Agreement"). The P17286 Grant Agreement (without Exhibit E, which has employee names) is attached hereto at Exhibit 1.

4. At the time CTS entered into the P17285 Grant Agreement, it was affiliated with BB&B. As set forth in my letter to Toni-Anne Andrisano of BB&B, dated April 26, 2023 (attached hereto at Exhibit 2), inasmuch as in November 2020, CTS (the only grantee in the P17285 Grant Agreement) was sold to an unrelated entity that is not affiliated with BB&B, BB&B cannot (and no entity affiliated with BB&B can) assume any incentive payments and/or tax credits that would otherwise be due under the P17285 Grant Agreement.

5. On July 25, 2011, NJEDA entered into another grant agreement with the following entities: (i) BB&B, (ii) Bed Bath & Beyond of California Limited Liability Company, (iii) Bed Bath & Beyond Procurement Co., (iv) BBB Value Services Inc., (v) Buy Buy Baby Stores Inc., (vi) Harmon Stores Inc., and (vii) CTS (the "P36408 Grant Agreement"). The P36408 Grant Agreement (without Exhibit E, which has employee names) is attached hereto at Exhibit 3.

6. As set forth in the P17286 Grant Agreement and the P36408 Grant Agreement, and pursuant to the Business Employment Incentive Program Act, N.J.S.A. 34:1B-120 *et seq.* (the "BEIP Act"), the State of New Jersey provides grants to the grantees under the conditions set forth in those agreements and pursuant to the BEIP Act. Under these grant agreements and pursuant to the BEIP Act, in order to obtain benefits under these grant agreements, the grantees must satisfy detailed conditions in connection with fostering job creation in the State of New Jersey – both with respect to (a) maintaining a certain number of full-time employees and adding a minimum number

of additional full-time employees, and (b) timely submitting to NJEDA detailed reporting requirements in connection thereto.

7. These conditions must be met for fifteen years (the "Commitment Duration" as defined in the Grant Agreements) beginning from the Eligibility Determination Date as defined in the Grant Agreements. *See* Ex. 1 at p.3; Ex. 3 at p.2.

8. The Eligibility Determination Date for the P17286 Grant Agreement was October 18, 2009, and thus the Commitment Duration would end on October 18, 2024.

9. The Eligibility Determination Date for the P36408 Grant Agreement was November 15, 2011, and thus the Commitment Duration would end on November 15, 2026.

10. A covenant of BB&B under both the P17286 Grant Agreement and the P36408 Grant Agreement was that the grantees under each agreement must "maintain at least 80% of the Base Employment Number at all times up to the expiration of the Commitment Duration." *See* Ex. 1 at Section 6B; Ex. 3 at Section 6B. As reflected in the letter from C. Castagna of BB&B to L. Dominicoi, dated April 6, 2007 (attached hereto at Exhibit 4), the Base Employment Number for P17286 was 2,600, such that 80% of the Base Employment Number is 2080.[1] The Base Employment Number for P36408 was 2,440, such that 80% of the Base Employment Number is 1952. *See* Ex. 3 at Exhibit A.

11. The P17286 Grant Agreement and the P36408 Grant Agreement contain several cross-default provisions, meaning a grantee's default under one agreement would render it in default of the other agreement. *See*, *e.g.*, Exhibit 1 at Section 14H; Exhibit 3 at Sections 6G, 14H, and 14K.

12. The P17286 Grant Agreement and the P36408 Grant Agreement were each amended on or about June 9, 2016, to reflect the fact that the grants that were to be awarded by NJEDA were

---

[1] While Exhibit A to the original December 4, 2006 P17286 Grant Agreement established the base employment number for this grant at 437 (Ex. 1 at Exhibit A), that number was later changed to 2,600 per BB&B's April 6, 2007 letter (Exhibit 4) referenced above.

3

being converted to a tax credit against the tax liability otherwise due pursuant to Section 5 of P.L. 1945 c. 162 (C.54:10A-5).  The June 9, 2016 Amendments to the P17286 Grant Agreement and the P36408 Grant Agreement are attached hereto at Exhibits 5 and 6, respectively.

13. On or about February 6, 2023, the parties to the P36408 Grant Agreement entered into an amendment to the P36408 Grant Agreement, whereby certain changes to names of the grantees were made.  A copy of the February 6, 2023 Amendment to the P36408 Grant Agreement is attached hereto at Exhibit 7.

14. With respect to 2021 Annual Report for the P17286 Grant Agreement submitted to NJEDA by BB&B in connection with BB&B's obligations under that agreement, NJEDA issued to BB&B, on January 18, 2023, a default notice regarding missing required information in such report.  *See* letter from W. Wisniewski to S. Lattman, dated January 18, 2023, attached hereto at Exhibit 8.  On March 13, 2023, NJEDA issued to BB&B a second default notice regarding missing required information in such report.  *See* letter from W. Wisniewski to S. Lattman, dated March 13, 2023, attached hereto at Exhibit 9.

15. With respect to 2021 Annual Report for the P36408 Grant Agreement submitted to NJEDA by BB&B in connection with BB&B's obligations under that agreement, NJEDA issued to BB&B, on December 7, 2022, a default notice regarding missing required information in such report.  *See* letter from W. Wisniewski to S. Lattman, dated December 7, 2022, attached hereto at Exhibit 10.[2]  On March 28, 2023, NJEDA issued to BB&B a second default notice regarding missing required information in such report.  *See* letter from W. Wisniewski to S. Lattman, dated March 28, 2023, attached hereto at Exhibit 11.

16. Following the issuance of the above referenced default notices NJEDA had discussions with BB&B and Anthony Szymelewicz of Deloitte (representing BB&B) regarding defaults in

---

[2]    The second page of Exhibit 10 is slightly redacted to remove names of employees.

4

connection with the P17286 Grant Agreement and the P36408 Grant Agreement. A copy of an email exchange I had with Mr. Szymelewicz with respect to BB&B's defaults is attached hereto at Exhibit 12.

17. On or about August 7, 2023, NJEDA issued two termination letters to BB&B, one with respect to the P17286 Grant Agreement (the "P17286 Termination Letter") and one with respect to the P36408 Grant Agreement (the "P36408 Termination Letter" and, collectively, the "August 7, 2023 Termination Letters"). The August 7, 2023 Termination Letters are attached hereto at Exhibits 13 and 14.

18. After NJEDA issued the August 7, 2023 Termination Letters, BB&B did not (and neither did any agent on behalf of BB&B) notify NJEDA in writing that BB&B disputed the August 7, 2023 Termination Letters – including the occurrence of the events of defaults and the statements therein that NJEDA would withhold all accrued but unpaid liabilities, and that the parties will have no further obligations to each other under the Agreements – or of any situation or occurrence which may potentially result in the submission of a claim against NJEDA. Indeed, the first written statement received by NJEDA from BB&B (or the Plan Administrator) that alleged that NJEDA's termination was wrongful or that notified NJEDA of any situation or occurrence that may potentially result in the submission of a claim against NJEDA was the Complaint filed herein by the Plan Administrator against NJEDA.

I declare that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 6, 2024

_____
Susan Greitz

5